Mr. Justice Gantt
delivered the opinion of the court.
I take it to be a well established principle, that in every ease where an amendment is desired, there must be something to amend by, or the case cannot be cured but by a new action. Sellon, vol. 2, 456, after enumerating various amendments which may take place in every stage of a suit, acids these words, “ It is necessary, however, that in all such cases there should be something to amend by; as the praecipe to amend the writ, the paper book to amend the roll, the judges notes to amend the verdict, &c. by which it may appear tjrat the variance is a mistake, and therefore in strict justice ought to be rectified.'” And a distinction is taken between amending those mistakes which are occasioned by the act of the party, and those which are occasioned by the act of the cleric. The party plaintiff in this case has brought an action as assignee of a judgment obtained in i&\or of David Alexander, when in fact the judgment had never been assigned, and the amendment required is, that the name of a new plaintiff is to be substituted in the declaration, in lieu of the one commencing the action. There is nothing in the writ which can possibly justify such an application. There is no clerical mistake here requiring amendment that justice may be done; but the object to be attained is, the shifting the burthen of a suit from the shoulders of Johnson, who bad no right to institute it, upon those of David Alexander, and who, for all we know, may have been satisfied for this debt, or unwilling to sue the defendant upon the judgment. Suppose David Alexander were now present, and should declare his unwillingness to be made a party to this suit, could this court force, him into the action, nolens volens ? Í think not, as the declaration allowed to be filed in this case would constitute, to all intent.?. *486 and purposes, an entirely new and distinct suit; by making a different plaintiff, it cannot be considered in the light of an amendment. If this judgment has not been assigned to Johnson, the defect in bringing this action can never be cured; it vitiates the proceedings in ioto, and renders them null and void-. It is not an irregularity which may be cured or waived by an amendment.
May rant, for the motion.
De Saussure and Holmes, contra.
The motion made in this case to set aside the order giving leave to file a new declaration, is granted.
Justices Johnson, Huger and Colcock, concurred.